**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREG ABBOTT,** | § | |
| **ATTORNEY GENERAL OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| | § | |
| **v.** | § | **1:10-CV-220 LY** |
| | § | |
| **DALLAS HOUSING AUTHORITY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S SUPPLEMENTAL REMOVAL DOCUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the Court's Order dated April 1, 2010, Defendant The Housing Authority of the City of Dallas, Texas, named erroneously herein as "Dallas Housing Authority," hereby supplements the record of this case with all documents filed in this cause in the state court. Attached hereto is the complete file, including the docket sheet, of the Court from which this case was removed.

Respectfully submitted,


/s/ Jadd F. Masso

**KATIE ANDERSON**
State Bar No. 00789631
**JADD F. MASSO**
State Bar No. 24041411
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
214-651-4300
Facsimile: 214-651-4330

**ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 2nd day of April, 2010.


/s/ Jadd F. Masso

Jadd F. Masso

Case:D-1-GV-10-000208 with (3) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| 2/22/20..... | PET-PL ..... | ORIGINAL PETITION/APPLICATION | ORIGINAL PETITION FOR WRIT OF MANDAMUS |
| 3/26/20..... | ANS-RES..... | ORIGINAL ANSWER | ORIGINAL ANSWER AND JURY DEMAND |
| 3/30/20..... | SRVPRO..... | EXE SERVICE OF CITATION | DALLAS HOUSING AUTHORITY |

CAUSE NO. D-1-GV-10-000208

Filed
10 February 22 P3:00
Amalia Rodriguez-Mendoza
District Clerk
Travis District
D-1-GV-10-000208

| | | |
|---|---|---|
| GREG ABBOTT, ATTORNEY GENERAL OF TEXAS, | § § § | IN THE DISTRICT COURT |
| *Petitioner,* | § | |
| | § | |
| v. | § | 353RD JUDICIAL DISTRICT |
| | § | |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| *Respondent.* | § | TRAVIS COUNTY, TEXAS |

## ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Petitioner Greg Abbott, Attorney General of Texas, and files his Original Petition for Writ of Mandamus against Respondent Dallas Housing Authority and would show the Court as follows:

### I. JURISDICTION AND VENUE

1.1　This Court has jurisdiction to mandamus the Authority pursuant to the Public Information Act ("PIA"), Tex. Gov't Code § 552.321(a) (West 2004 and Supp. 2009).

1.2　Venue is in Travis County pursuant to PIA § 552.321(b).

### II. PARTIES AND SERVICE

2.1　Petitioner is Greg Abbott, Attorney General of Texas.

2.2　Respondent is the Dallas Housing Authority ("the Authority"), a municipal housing authority under Tex. Loc. Gov't Code ch. 392.

2.3　Pursuant to Tex. R. Civ. P. 103 and 106, the Attorney General requests that the clerk of this court serve by registered or certified mail, return receipt requested, a true copy of the citation issued in this case and a copy of this Original Petition for Writ of Mandamus to the following: the Dallas Housing Authority who may be served by and

through Ms. MaryAnn Russ, President and CEO, 3939 N. Hampton Road, Dallas, Texas, 75212.

## III. CAUSE OF ACTION

3.1     The Attorney General seeks a writ of mandamus compelling Respondent to provide public information. The Attorney General is entitled to mandamus because Respondent refuses to provide public information that the Attorney General has determined to be public and not excepted from disclosure. PIA § 552.321(a); *Thomas v. Cornyn*, 71 S.W.3d 473, 481-82 (Tex.App.—Austin 2002, no pet.).

3.2     A governmental body challenging an Attorney General ruling must bring suit within thirty days after receiving the decision that information must be disclosed to a requestor. PIA § 552.324(b). If a governmental body does not file suit, it must comply with the Attorney General's decision and disclose any information ruled as subject to disclosure. *Id.*

3.3     "The custodian is not authorized to withhold information merely because he considers it to be exempt from disclosure." *City of Houston v. Houston Chronicle Publ'g Co.*, 673 S.W.2d 316, 323 (Tex.App.—Houston [1st Dist.] 1984, no writ). "The [PIA] requires that when a governmental body receives a written request for information which it considered within one of the exceptions to disclosure, and there has been no prior determination that it is exempt, the governmental body must request a decision from the attorney general within ten days. Only the attorney general, and not the governmental body or its officers, may initially determine whether the requested information is a public record or subject to an exception to disclosure." *McNamara v. Fulks*, 855 S.W.2d 782, 783, n. 3 (Tex.App.—El Paso 1993, no writ); PIA § 552.301.

## IV. FACTS

4.1    On December 11, 2008, Ms. Donna Ressl of KDFW-Fox 4 News, Dallas, Texas, submitted a request to the Authority for seven categories of information regarding landlord, tenant, and payment details associated with the Authority's housing programs. (Ex. 1, December 2008 request) From December 2008 through April 2009, Mr. Joe Ellis, also of KDFW, and Ms. Ressl (collectively as "KDFW") were in communication with the Authority in attempt to obtain the information responsive to the December request. During this time, the Authority neither made all of the responsive information available nor requested an open records ruling from the Attorney General.

4.2    On April 24, 2009, Mr. Ellis submitted a second request for five categories of information regarding the Authority's databases and employees. (Ex. 2, April 2009 request)

4.3    On May 15, 2009, Mr. Ellis submitted a complaint against the Authority to the Attorney General's office. (Ex. 3, Ellis's May complaint) The complaint stated that the Authority neither requested a letter ruling from the Attorney General nor released all information responsive to KDFW's December 2008 request or any information responsive to the April 2009 request. The Attorney General contacted the Authority and inquired into the status of the Authority's response.

4.4    In response, the Authority refused to release the requested information and delayed in requesting an open records ruling from the Attorney General until July 23, 2009. (Ex. 4, the Authority's complaint response; Ex. 5, the Authority's request for a letter ruling)

4.5    On August 12, 2009, the Attorney General issued OR2009-11258. (Ex. 6, the "Letter Ruling") The Attorney General concluded, in pertinent part, that the Authority must withhold personally identifying information collected in connection with the Authority's rendition of housing assistance pursuant to PIA § 552.101 in conjunction with

the Violence Against Women Act, 42 U.S.C. §§ 13925-1405d. The Attorney General held that the remaining information responsive to KDFW's requests had to be disclosed.

4.6    After the ruling was issued, Mr. Ellis notified the Attorney General that the Authority refused to provide the information subject to disclosure. (Ex. 7, Ellis's August complaint)

4.7    The Authority's counsel, Mr. Gregory T. Mays, informed the Attorney General that the Authority would neither release the remaining information nor file suit in response to the Letter Ruling. (Ex. 8, Affidavit of James L. Coggeshall, Assistant Attorney General)

4.8    The Authority did not timely file suit against the Attorney General challenging the Letter Ruling. (*Id.*)

4.9    To date, the Authority has not disclosed any of the information subject to public disclosure under the Letter Ruling. (Ex. 9, Affidavit of Joe Ellis, requestor) The Authority continues to flout, and refuses to comply with, the PIA. PIA §§ 552.021 and .324.

## V. RELIEF REQUESTED

5.1    Pursuant to PIA § 552.321, the Attorney General seeks a writ of mandamus to compel the Authority to provide for inspection, or copying, if requested, all records that contain information responsive to KDFW's December 11, 2008 and April 24, 2009 requests for information which are subject to public disclosure pursuant to OR2009-11258.

## VI. CLAIM FOR ATTORNEY FEES

6.1    The Attorney General has required the services of an attorney in prosecuting this lawsuit. He is being represented by the undersigned Assistant Attorneys General in this matter. If he prevails in this lawsuit, he requests reasonable attorney fees and litigation costs pursuant to PIA § 552.323(a). The Authority is flagrantly ignoring the PIA. The Authority is not acting on reasonable reliance on any court order or judgment, a published

opinion of an appellate court, or a written decision of the Attorney General. *Id.*
Accordingly, attorney fees and costs are mandatory if the Attorney General prevails on his
claim for writ of mandamus. *Id.*

## PRAYER

Petitioner Greg Abbott, Attorney General of Texas, respectfully asks that the Dallas
Housing Authority be summoned to appear and show cause why a writ of mandamus
should not be issued compelling Respondent to provide immediately to Mr. Joe Ellis and
Ms. Donna Ressl for inspection all records, or copies, if requested, that contain information
responsive their requests for information which are subject to public disclosure under
OR2009-11258.

The Attorney General asks also that all costs of litigation and attorney fees be
adjudged against the Authority. Petitioner prays for such other and further relief, both
general and special, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

C. ANDREW WEBER
First Assistant Attorney General

DAVID S. MORALES
Deputy Attorney General for Civil Litigation

BARBARA B. DEANE
Chief, Environmental Protection and
Administrative Law Division

BRENDA LOUDERMILK
Chief, Open Records Litigation
Environmental Protection and
Administrative Law Division

JOHN P. BEAUCHAMP
Assistant Attorney General
Open Records Litigation
Environmental Protection and
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4195
Facsimile: (512) 320-0167
State Bar No. 24051634

**ATTORNEYS FOR PETITIONER**

**Joe Ellis**

**From:** Donna Ressl
**Sent:** Monday, February 23, 2009 4:18 PM
**To:** Joe Ellis
**Subject:** FW: Open Records/DHA

**From:** Donna Ressl
**Sent:** Thursday, December 11, 2008 4:39 PM
**To:** mragion@dhadal.com
**Cc:** Donna Ressl
**Subject:** Open Records/DHA

Michelle,
This is a revised open records request. We request this information in an excel spreadsheet if available or if necessary a Microsoft compatible text file.

We are asking for the following information.

LANDLORD INFORMATION
-The name of the landlord, landlords and or property managers

-The contact address or addresses on file for the landlord, landlords, and or property managers listed with your agency.

-The address of the property DHA issues housing assistance payments for.

-The payment amount issued for each address.

-The date of these payments for each address from January 1, 2008 through the current date.

-The name of the housing program the payment is issued for.

CLIENT INFORMATION
-The name of the client living in the housing.

The date of birth for the client living in this property.

Thanks again,

Donna Ressl
Fox 4
214-720-3361



**Joe Ellis**

Subject: FW: KDFW Information Request - 4/24/2009

---

**From:** Joe Ellis [mailto:Joe.Ellis@FOXTV.COM]
**Sent:** Friday, April 24, 2009 3:58 PM
**To:** Michelle Raglon
**Cc:** Valeria Gray; Greg Mays; Donna Ressl
**Subject:** KDFW Information Request - 4/24/2009

KDFW would like to submit this information request under the federal Freedom of Information Act and the Texas Public Information Act.

Please provide the following information within the time constraints provided by federal and state law:

1 - any and all records showing any and all databases maintained by the Dallas Housing Authority

2 - any and all record layouts and/or field layouts detailing any and all fields of information contained within any and all databases maintained by the Dallas Housing Authority

3 - any and all data dictionaries regarding any and all databases maintained by the Dallas Housing Authority

4 - any and all records showing the platform(s) and database manager(s) used to house any and all databases maintained by the Dallas Housing Authority

5 - records showing the name, date of birth, job title, and salary of any and all employees of the Dallas Housing Authority.

Thanks,

Joe Ellis

KDFW Fox 4 News

400 N Griffin

Dallas, Texas 75202

214-720-3365

FAX 214-720-3333

EXHIBIT 2

Joe Ellis
KDFW Fox 4
400 N Griffin
Dallas, TX 75202
214-720-3365
FAX 214-720-3263
Joe.Ellis@foxtv.com

Office of the Attorney General
Open Records Division
P.O. Box 12548
Austin, TX 78711
512-478-6736
FAX 512-481-1992

RE: Texas Public Information Act – Complaint and Request for Writ of
Mandamus to Compel disclosure under TPIA

To the Honorable Greg Abbott,

KDFW respectfully requests the attention of the Office of the Attorney General
(OAG) and action upon what we feel is a clear obstruction to the flow of public
information and disregard of the provisions of the Texas Public Information Act
(TPIA).

KDFW has had a public information request (see Exhibit A attached) pending
with the Dallas Housing Authority (DHA) for 6 months. During this time, DHA has
not responded to the request in a timely manner, has not cited nor proven any
applicable exemptions to disclosure of any portion(s) of the information
requested, has provided only incomplete information by selection, has provided
information in a format other than requested (even though the agency has the
capability to provide the specific information requested in the format requested).

KDFW has a 2nd public information request (see Exhibit B attached) pending with
DHA that DHA has not responded to as of the 15th day after the request was
submitted and the date of this complaint.

The Dallas Housing Authority is a public, government agency that provides
essential government services and operates on and distributes public monies.

Per section 552.301 and 552.302 of the Texas Public Information Act, by the
DHA's failure to respond to the December 2008 request in a timely manner,
failure to cite any possible exemptions in any of its responses over the last 6
months, and it's failure to request a decision from the OAG the agency has
waived its right to claim exemption to disclosure of any portion(s) of the

EXHIBIT
3

information requested. The Information Is "presumed public" KDFW feels the information is of interest and benefit to the public in that the public deserves to know exactly where its public dollars are going. The tenant/client names and addresses for which property owners (landlords) receive public funds for rental payments at those addresses are Indeed of public interest. This information should be disclosed to KDFW by the Dallas Housing Authority, in addition to the portion(s) of the requested information provided, immediately.

Per section 552.321 of TPIA, the OAG can pursue a Writ of Mandamus to compel DHA to disclose the public information requested by KDFW in December 2008 since DHA did not disclose the information requested and did not seek a decision from the OAG. KDFW respectfully requests the OAG exercise its authority under 552.321 to compel disclosure of the information KDFW requested from DHA.

Per section 552.3215 of TPIA, the OAG can pursue a suit for declaratory judgment or injunctive relief against a governmental body that violates TPIA. KDFW respectfully requests the OAG exercise its authority under 552.3215 to pursue declaratory judgment or injunctive relief.

In addition to the exhibits attached to this complaint and request for action, further communications and exhibits will be provided via mail to the OAG via mail. The exhibits will detail the following:

CHRONOLOGY OF EVENTS:

--December 11, 2008 KDFW filed request with Dallas Housing Authority (DHA) for electronic data regarding housing assistance payments for the year 2008. The request was very specific in terms of information fields and file format. KDFW producer, Donna Ressi submitted the initial request to Michelle Ragion of DHA via email and KDFW producer Joe Ellis and Ms. Ressi clarified the request in a subsequent email.

-- February 23, 2009 KDFW, after KDFW initiated contact, after 2 months, received the first set of incomplete data in unrequested format. The information provided didn't include tenant names and addresses or individual payments to landlords for the housing assistance. The information showed annual payment totals per landlord/address, but not per tenant/address. The information provided was in a portable document file format (PDF) rather than an actual data file, such as an Excel spreadsheet or text file. No legal citation was made by any representative of DHA as to why the client/tenant information was being withheld and is exempt from disclosure.

- Feb.24, 2009 Mr. Greg Mays, via email alluded to the problem being an IS issue and a new software system. KDFW at this time agreed to accept the annual payment totals as long as the totals were calculated with respect to the

2

client/tenant address as well as the landlord/payee name and address. Mr. Mays said he would check with IS and get back with KDFW but it would "take quite some time."

. – March 2, 2009 Mr. Mays, via email said IS folks told him it would take some time but didn't say how long.

- March 20, 2009 KDFW had not heard from DHA and initiated contact with DHA to get a status update.

- March 23, 2009 Mr. Mays responded and said he'd check with IS to see how they were coming...but also said he wanted to inform KDFW that "the response documents will not contain the personal information of any tenants" – meaning he wasn't going to allow the release of names or addresses of people receiving the assistance. He also continued to refer to the information we requested and awaited as "documents" when we clearly have been requesting data.

- March.25, 2009 Mr. Mays, via email said the information would be ready "in a week" but would not clarify exactly what information was being provided in response to KDFW's request and whether it satisfied KDFW's request. Mr. Mays would not say what information fields were being provided or in what format the information was being provided. KDFW requested clarification of what was to be provided and requested a field layout to show what information fields were being provided. Mays said he would check with IS to see if field layout for the data could be provided to KDFW. We simply wanted to make sure DHA wasn't wasting staff time if they weren't fully satisfying the request. He responded with a list of fields that still did not include tenant addresses. .KDFW again asked for clarification on why requested fields of information were not listed and he would not explain.

- March.26, 2009 - Mr. Mays and Joe Ellis spoke by·phone and had an.on the record conversation where Mr. Mays clearly could not provide a.legal basis for withholding the names and addresses of tenants receiving assistance. He only provided his philosophy that the information shouldn't be released. I reminded him that his personal opinion and what's required under State and Federal public Information laws are two different things. I asked him if he were going to seek a · legal ruling or opinion on the matter from the proper authority. He said he did not intend to and did not feel he had to do so. .During this conversation Joe Ellis did agree to do without the tenant/client names if DHA would simply provide the addresses owned by the landlords receiving the payments. That was a gesture of compromise just to get past the perceived obstruction. Mays said he would consider that and talk to folks there at DHA about it.

– March 30, 2009 Mr.'Mays via email responded and said the information would .be available by Friday April 3,.2009. Joe Ellis responded and asked again for clarification on what was to be provided and in what format. Mr. Mays would not

3

relay what information was to be provided and what format in which it would be provided.

-- Tuesday March 31 -- Mr. Mays via email responded and continued to say the information would be provided in the "form that it exists within our system." Mays still indicated the tenant address field was not going to be provided, but would not specify which fields of the requested information were going to be provided. Joe Ellis responded and urged him again to cite an applicable, legal exemption to disclosure. Mays stated he wasn't aware of any requirement to tell a requestor or allow for a preview of what was going to be provided. He continued to say in his emails to call him with any questions yet Joe Ellis did try to call him several more times and he didn't return calls.

-- Tuesday April 7 -- KDFW hadn't heard from anyone at DHA and initiated contact asking if we could come by and pick up the information or could it be emailed to us. Mr. Mays said it was sent via regular mail, which was pointless because we're a 5-10 minute drive away. KDFW feels like this was further delay in providing the information.

-- Friday April 10 -- KDFW still did not receive the mailed information and Joe Ellis asked to come by DHA and retrieve a copy. Michelle Ragion said for me to come by Monday, April 13 and pick up a disc.

-- Monday April 13 -- Joe Ellis retrieves the disc but it contained a file that required an "EasyWrite" software reader program. Joe Ellis called Ms. Ragion and asked her to verify with the IS folks what type of file it was. She said they told her it was a PDF. At this point we were no further than we were on February 23 when KDFW first received the incomplete information in the wrong format. Joe Ellis asked for the file to be provided in Excel or text file, as we had originally. Mr. Mays responded and said he'd see if the IS folks can print from Excel. Joe Ellis clarified again that we requested data and nothing printed. Mays said he check to see if it can be provided in Excel or text file. He said IS folks were unavailable until Wednesday April 15.

- April 17, 2009 -- KDFW initiates contact with DHA and Michelle Ragion responds saying the information will be available on Monday April 20, 2009.

-- April 20, 2009 -- DHA made no contact with KDFW.

-- April 21, 2009 -- KDFW initiated contact with Ragion and Mays and asked if the spreadsheet could be emailed by Wednesday morning or if Joe Ellis could come pick up. DHA didn't respond.

-- April 22, 2009 -- KDFW initiated contact with DHA, again because we hadn't heard from anyone at DHA. Mr. Mays responded with an Excel spreadsheet attached to his email.

4

- April 23, 2009 – Joe Ellis responded after finding the spreadsheet did not contain addresses of rental houses receiving assistance with respect to the landlord names and addresses receiving the payments. In this response, Ellis laid the foundation for KDFW's claim of obstruction to the flow of public information that is of public interest and for which no legal exemption to disclosure has been cited.

- April 23, 2009 - April 25, 2009 – KDFW (Mays/Russ/Region) sends emails to DHA (Mays/Russ/Region) and leaves phone messages asking for the request to be fully satisfied. KDFW asks for a meeting with Mr. Mays and DHA President/CEO MaryAnn Russ.

- April 24, 2009 – KDFW (Joe Ellis) submits a 2nd public information request to DHA (Mays/Russ/Region) via email for 5 categories of information.

- April 27, 2009 – Upon closer examination of the Excel spreadsheet provided on April 22 Ellis realizes that the file is "read only" and has an encryption that requires a password generated by the creator of the file. KDFW sees this as further indication of obstruction.

- April 29, 2009 – MaryAnn Russ agrees to meet with Joe Ellis on May 1, 2009.

- May 1, 2009 – Joe Ellis meets with MaryAnn Russ and Greg Mays. Ms. Russ and Mr. Mays inform Mr. Ellis that DHA will not fully comply with the information request and referred Ellis to the local HUD office where he could obtain the information from the local HUD office.

- May 4, 2009 – May 5, 2009 – Joe Ellis speaks with Patricia Campbell of the local HUD office. Ms. Campbell relays that only the local housing authorities possess and maintain specific tenant and landlord payment information and that the housing authorities are subject to TPIA.

- May 7, 2009 – Joe Ellis contacts DHA (Mays/Russ/Region) via email regarding the outstanding December 2008 information request and informs DHA of the conversation with the HUD office. Ellis also provided DHA with information and links to the Office of the Attorney General's website, the Texas Public Information Act, and the Texas Public Information Handbook. Ellis also provided them with the contact address and information for the Attorney General's Open Records Division to request a decision from the OAG. Ellis also provided samples open records letter rulings and decisions by the OAG regarding "housing authorities." Ellis again requested DHA seek a ruling from the OAG. Ellis again requested that the December 2008 information request be fully satisfied and still agreed to do without the tenant/client names. Ellis also requested a formal response to the April 24 2009 information request and notified DHA that the 10 days for the April 2009 24 2009 information requested tolled at 5pm the following day.

5

- May 7, 2009 — DHA (Mr. Mays) responded via email and acknowledged that DHA is subject to TPIA and stated that the information requested had been provided. He also stated DHA was *"unable to determine what you are now requesting due to the accumulation of emails from your office to DHA"* and also stated *"Separating such requests into discreet communications would assist us in responding in an efficient manner."*

- May 7, 2009 — KDFW (Ellis) responds to Mays and separately clarifies each request and summarizes the chronology of events and TPIA violations concerning the December 2008 information request. No one from DHA responds.

<u>END OF CHRONOLOGY OF EVENTS</u>

The Dallas Housing Authority is located at the following address:

Dallas Housing Authority
3939 N. Hampton Road
Dallas, TX 75212

The following individuals with the Dallas Housing Authority are responsible for handling public information requests, and are whom KDFW has communicated with regarding the pending request(s):

Gregory T. Mays
Office of The General Counsel
(214) 951-1950 (direct)
(214) 951-8495 (facsimile)
gmays@dhadal.com

Michelle S. Raglon
Community and Public Relations
214-951-8443 ofc
214-951-8800 fax
mraglon@dhadal.com

The Office of the Attorney General, through letter rulings and open records decisions, has previously ruled that local housing authorities are subject to the Texas Public Information Act and that information similar to that being requested in this case is public information.

KDFW hopes and trusts the OAG will intervene in an expedited manner, properly cite violations of TPIA committed by DHA, and compel full and expedited disclosure of the information requested from DHA to KDFW.

6

KDFW respectfully requests that you communicate with Joe Ellis via phone, fax, or email as opposed to regular U.S. Mail or U.S. Mail alone in response to and in any regard to this matter. For any and all documents or communications that must be mailed and cannot be emailed or faxed for any reason please use KDFW's UPS return shipping account number Y3Y143 and ship via UPS overnight mail.

Thank you for your time, consideration, and assistance.

Sincerely,

Joe Ellis
KDFW

 **Dallas Housing Authority**

May 21, 2009

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Honorable Greg Abbott
Attorney General of Texas
300 W. 15TH Street
Clements Building, 12th Floor
P.O. Box 12548
Austin, Texas 78711

Re: *Open Record Request/KDFW Information Request*

Dear General Abbott:

By email sent on May 7, 2009, by Joe Ellis of KDFW to The Housing Authority of the City of Dallas, Texas ("DHA") a request for information from DHA was made. The email clarified a previous request made by Mr. Ellis.

This office is responsible for representing the legal interests of DHA. Without waiving any objections, or rights under the Public Information Act, Chapter 552, Texas Government Code (the "Act") or any federal law, code, regulation or statute, this office now seeks your determination, under Section 552.302(a) of the Act, concerning the withholding of a portion of the requested information due to compelling reasons.[1] DHA's compelling reasons for declining to release the requested information is directly related to the protection of the civil rights, health, safety, and welfare of the third party families that DHA serves. [2] This, among other issues, compel that the documents be withheld. The other portion of Mr. Ellis's request has been provided to him by this office in various formats on various dates. The most recent date being May 5, 2009. A clarification to Mr. Ellis was timely requested with regard to the remaining portion.

Pursuant to Section 552.301(e)(1) of the Act, *[A] governmental body that requests an attorney general decision under Subsection (a) must within reasonable time but not later than the 15th business day after the date of receiving the written request:*

(1)          *submit to the attorney general:*

(A)          *written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld;*

(B)          *a copy of the written request for information;*



**EXHIBIT 4**

(C)       *a signed statement as to the date on which the written request for information was received by the governmental body or evidence to establish that date; and*

(D)       *a copy of the specific information requested, or submit representative samples of the information if a voluminous amount of information was requested.*

DHA declines to release the information for disclosure that has been requested, for the reasons noted above.  Pursuant to Section 552.301(e) (1) of the Act, additional information will be forthcoming pursuant to the terms of the statute.

Please contact me should there be any questions.

Very truly yours,

Gregory T. Mays, Esq.

1* *Section 552.302 of the Act provides: If a governmental body does not request an attorney general opinion as provided in Section 552.301 and provide the requestor with the information required by Sections 552.301(d) and (e-1), the information requested in writing is presumed to be subject to required public disclosure and must be released* **unless there is a compelling reason to withhold the information.** *(emphasis added)*

2* *Section 552.305(a) of the Act provides: In a case in which information is requested under this chapter and a person's privacy or property interests may be involved...., a government body may decline to release the information for the purpose of requesting an attorney general decision.*

cc: **Joe Ellis**

 **Dallas Housing Authority**

July 23, 2009

**VIA CERTIFIED MAIL RETURN RECEIPT NUMBER**
**7004 2510 0000 8900 5751**
Christina Alvarado
Office of the Attorney Gene
Open Records Division
300 W. 15TH Street
Clements Building, 12th Flo
P.O. Box 12548
Austin, Texas 78711

*CA4*

*7/29*

**FILE #** _350507_
**I.D. #** _357018_

Re: *Open Record Request/KDFW Information Request; ID# 350507*

Dear Ms. Alvarado:

In response to your letter dated July 16, 2009 and received in this office on July 17, 2009, attached are the requested emails concerning a Public Information Request made on December 11, 2008 (attached as *Exhibit "A"* ) and, a Public Information Request made on May 7, 2009 (attached as *Exhibit "B"*).

The December 11, 2008 request to the Housing Authority of the City of Dallas ("*DHA*") was for information that was not disclosable public information under the Public Information Act, Texas Government Code (the "*Act*"). As indicated in DHA's May 29, 2009 letter to your office, DHA is barred by Federal Law (*Violence Against Women Act of 1994 ("VAWA"), 42 USC Section 13925, et. seq.*) from disclosing the requested information. Moreover, this office provided detailed information as to the compelling reasons DHA considered in its determination to not disclose the information requested. Prior to that time, as is detailed in *Exhibit "A,"* DHA attempted numerous times to accommodate the requestor; was engaged in numerous discussions with requestor; and provided and created different versions of information in an attempt to satisfy requestor's request for information while adhering to DHA's legal responsibilities and obligations. Typically, any timeframes for responding to a request are tolled while such discussions are taking place. In any event, based on the federal law cited, the compelling reasons noted in previous correspondence from this office, the non-public data is not subject to disclosure.

*Exhibit "B"* references the May 7, 2009 email from the requestor, attempting to clarify his request for information. The clarification email was received on May 7, 2009;

3939 N. Hampton Rd. Dallas, TX 75212 | Phone: 214.951.8300 Fax: 214.951.8800 | www


**EXHIBIT**
**5**

while *Section 552.222(b) of the Act* does not reference a requirement as to when a response is due when an agency has requested and received a clarification, DHA responded to requestor's email on May 21, 2009, ten (10) business days from the receipt of the May 7, 2009 email.

Please contact me should there be any questions regarding this matter.

Very truly yours,

Gregory T. Mays, Esq.



# ATTORNEY GENERAL OF TEXAS
## GREG ABBOTT

August 12, 2009

Mr. Gregory T. Mays
Dallas Housing Authority
3939 North Hampton Road
Dallas, Texas 75212

OR2009-11258

Dear Mr. Mays:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 350507.

The Dallas Housing Authority (the "authority") received two requests from the same requestor for (1) specific names, addresses, dates of birth, and payment details associated with the authority's housing programs and (2) information regarding authority databases and the name, date of birth, job title, and salary of authority employees. You state you have released some of the requested information to the requestor. You claim that some of the submitted information is excepted from disclosure under section 552.102 of the Government Code. We also understand you to raise section 552.101 of the Government Code for a portion of the submitted information. We have considered the exceptions you claim and reviewed the submitted representative sample of information.[1]

We understand you to argue that the present requests for information are too broad and that complying with these requests would be burdensome. However, we note that a governmental body must make a good-faith effort to relate the request to information that is within its

---

[1] We assume that the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.



EXHIBIT
6

samples, labeled to indicate which exceptions apply to which parts of the documents. *See id.* § 552.301(e).

In this instance, the requestor asserts he sent two requests to the authority on December 11, 2008 and April 24, 2009, respectively. However, you contend the authority received both requests on May 7, 2009, stating each request "clarified a previous request." Pursuant to section 552.303 of the Government Code, we sent you a letter asking you to clarify how the authority responded to the December 11, 2008 and April 24, 2009 requests, therefore complying with section 552.301(b). *See id.* § 552.303(c). You again stated the May 7, 2009 request clarified the two previous requests. However, you provided no explanation of the nature of the clarification. Upon review, we conclude that the original requests were clear in specifying the particular information sought. Thus, we conclude the authority did not comply with the procedural requirements of section 552.301(b). *See id.* § 552.301(e)(1)(C) (governmental body must submit signed statement or evidence sufficient to establish date of receipt of written request for information).

Pursuant to section 552.302 of the Government Code, a governmental body's failure to comply with the requirements of section 552.301 results in the legal presumption the requested information is public and must be released, unless a compelling reason exists to withhold the information from disclosure. *See City of Dallas v. Abbott,* 279 S.W.3d 806 (Tex. App.—2007, pet. granted); *Simmons v. Kuzmich,* 166 S.W.3d 342 (Tex. App.—Fort Worth 2005, no pet.); *see also* Open Records Decision No. 319 (1982). Generally, a compelling reason to withhold information exists where some other source of law makes the information confidential or where third party interests are at stake. Open Records Decision No. 150 at 2 (1977). You raise sections 552.101 and 552.102 of the Government Code for some of the responsive information. Because your claims under sections 552.101 and 552.102 can provide compelling reasons to withhold information, we will address these exceptions.

We note that you have redacted portions of the submitted information. Pursuant to section 552.301 of the Government Code, a governmental body that seeks to withhold requested information must submit to this office a copy of the information, labeled to indicate which exceptions apply to which parts of the copy, unless the governmental body has received a previous determination for the information at issue. *See* Gov't Code § 552.301(a), (e)(1)(D). You do not assert, nor does our review of our records indicate, that the authority has been authorized to withhold any of the redacted information without seeking a ruling from this office. *See id.* § 552.301(a); Open Records Decision No. 673 (2000). As such, the information must be submitted in a manner that enables this office to determine whether the information comes within the scope of an exception to disclosure. In this instance, we can discern the nature of the redacted information; thus, being deprived of that information does not inhibit our ability to make a ruling. In the future, however, the authority should refrain from redacting any information that it submits to this office in seeking an open records ruling. Failure to do so may result in the presumption that the

possession or control. *See* Open Records Decision No. 561 at 8-9 (1990). A governmental body may not decline to comply with the requirements of the Act on the ground of administrative inconvenience. *See Indus. Found. v. Tex. Indus. Accident Bd.*, 540 S.W.2d 668, 687 (Tex. 1976) (cost or difficulty in complying with Act does not determine availability of information). The fact that it may be burdensome to provide the information at issue does not relieve a governmental body of its responsibility to comply with the Act. *Id.*; Open Records Decision No. 497 (1988). Therefore, the authority may not decline to comply with the requirements of the Act on the basis of administrative inconvenience.

We note that the requestor seeks electronic copies of the information at issue in an "Excel" or "text file" format. A governmental body is not required to produce the responsive information in the format requested or create new information to respond to the request for information. *AT&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 676 (Tex.1995); *Fish v. Dallas Indep. Sch. Dist.*, 31 S.W.3d 678, 681 (Tex. App.—Eastland 2000, pet. denied); Attorney General Opinion H-90 (1973); Open Records Decision Nos. 452 at 2-3, 342 at 3 (1982), 87 (1975). However, section 552.228 of the Government Code requires a governmental body to provide a copy of the public information in the requested medium if it has the technological ability to do so without the purchase of software or hardware. *See* Gov't Code § 552.228(b)(1), (2). Accordingly, if the authority has the technological capability to provide the information at issue in the requested electronic format, it must do so; however, if the authority does not have the technological capability, it may release the information at issue in the submitted paper format or in another medium acceptable to the requestor. *See id.* § 552.222(c).

The requests seek specific names, addresses, dates of birth, and payment details associated with the authority's housing programs, information regarding authority databases, and particular employee information. Thus, any information extraneous to this is not responsive to the current requests. The authority need not release non-responsive information in response to the requests and this ruling will not address that information.

Next, we must address the requestor's assertion that the authority did not comply with section 552.301 of the Government Code. Pursuant to section 552.301(b) of the Government Code, a governmental body that receives a request for information that it wishes to withhold must ask for the attorney general's decision and state the exceptions that apply within ten business days after receiving the request. *See id.* § 552.301(a), (b). Under section 552.301(e), a governmental body receiving a request for information that the governmental body wishes to withhold pursuant to an exception to disclosure under the Act is required to submit to this office within fifteen business days of receiving the request (1) general written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld, (2) a copy of the written request for information, (3) a signed statement or sufficient evidence showing the date the governmental body received the written request, and (4) a copy of the specific information requested or representative

Mr. Gregory T. Mays - Page 4

redacted information is public. *See* Gov't Code § 552.302. We now turn to your arguments for the responsive information.

Section 552.101 of the Government Code excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. This section encompasses information protected by other statutes. You assert that a portion of the responsive information is confidential under the Violence Against Women Act ("VAWA"), which is codified under section 13925 through section 14045d of title 42 of the United States Code. Section 13925(b)(2) provides, in part:

> (2) Nondisclosure of confidential or private information
>
> > (A) In general
> >
> > In order to ensure the safety of adult, youth, and child victims of domestic violence, dating violence, sexual assault, or stalking, and their families, grantees and subgrantees under this title shall protect the confidentiality and privacy of persons receiving services.
> >
> > (B) Nondisclosure
> >
> > Subject to subparagraphs (C) and (D), grantees and subgrantees shall not–
> >
> > > (i) disclose any personally identifying information or individual information collected in connection with services requested, utilized, or denied through grantees' and subgrantees' programs; or
> > >
> > > (ii) reveal individual client information without the informed, written, reasonably time-limited consent of the person . . . about whom information is sought, whether for this program or any other Federal, State, tribal, or territorial grant program, except that consent for release may not be given by the abuser of the minor, person with disabilities, or the abuser of the other parent of the minor.

42 U.S.C. § 13925(b)(2)(A), (B). Section 13925(a)(18) states:

> (18) Personally identifying or personal information

The term "personally identifying information" or "personal information" means individually identifying information for or about an individual including information likely to disclose the location of a victim of domestic violence, dating violence, sexual assault, or stalking, including—

(A) a first and last name;

(B) home or other physical address;

(C) contact information (including a postal, e-mail or Internet protocol address, or telephone or facsimile number);

(D) a social security number; and

(E) any other information, including date of birth, racial or ethnic background, or religious affiliation, that, in combination with any of subparagraphs (A) through (D), would serve to identify any individual.

*See id.* § 13925(a)(18). You state the authority receives grants under VAWA to provide housing assistance to families who are the victims of domestic violence. *See* 42 U.S.C. § 13925; *see also* 42 U.S.C. § 14043e-4(b) (authorizing grants to promote access to and use of public and assisted housing by victims of domestic violence, dating violence, sexual assault, and stalking). You inform us that a portion of the responsive information pertains to the families the authority serves with the aid of such grants. You contend the personally identifying information of such individuals is confidential under section 13925(b)(2) of title 42 of the United States Code. You do not indicate the authority has received consent to release any information from any person about whom information is sought pursuant to section 13925(b)(2)(B)(ii). Based on your representations and our review, we find the responsive information includes the personally identifying information of individuals that is collected in connection with the authority's rendition of housing assistance funded by VAWA. Thus, the authority must withhold this information pursuant to section 552.101 of the Government Code in conjunction with section 13925(b)(2). You acknowledge that portions of the responsive information pertain to individuals that the authority does not aid with VAWA grants. Therefore, you may not withhold the personally identifying information of individuals that is not collected in connection with the authority's rendition of housing assistance funded by VAWA under section 552.101 on that basis.

Section 552.102(a) of the Government Code excepts from disclosure "information in a personnel file, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Gov't Code § 552.102(a). In *Hubert v. Harte-Hanks Texas Newspapers*, 652 S.W.2d 546 ((Tex. App.—Austin 1983, writ ref'd n.r.e.), the court ruled the test to be applied to information protected under section 552.102 is the same as the test

formulated by the Texas Supreme Court in *Industrial Foundation v. Texas Industrial Accident Board*, 540 S.W.2d 688 (Tex. 1976). Thus, we will address your claims under sections 552.101 and 552.102 together.

Information is protected from disclosure under the common-law right to privacy if it (1) contains highly intimate or embarrassing facts about a person's private affairs such that its release would be highly objectionable to a reasonable person, and (2) is of no legitimate concern to the public. *See Industrial Found.*, 540 S.W.2d at 685. To demonstrate the applicability of common-law privacy, both prongs of this test must be demonstrated. *Id.* at 681-82. The types of information considered intimate and embarrassing by the Texas Supreme Court in *Industrial Foundation* included information relating to sexual assault, pregnancy, mental or physical abuse in the workplace, illegitimate children, psychiatric treatment of mental disorders, attempted suicide, and injuries to sexual organs. *Id.* at 683. We note that dates of birth and addresses are not highly intimate or embarrassing. *See Tex. Comptroller of Public Accounts v. Attorney Gen. of Tex.*, 244 S.W.3d 629 (Tex. App.—2008, pet. granted) ("We hold that date-of-birth information is not confidential[.]"); *see also* Attorney General Opinion MW-283 (1980) (public employee's date of birth not protected under privacy); Open Records Decision No. 455 at 7 (1987) (birth dates, names, and addresses are not protected by privacy).

In Open Records Decision No. 318 (1982), this office concluded that the names and present addresses of former residents of a public housing development were not protected from disclosure under the common-law right to privacy. *See* Open Records Decision No. 318 (1982). Likewise, the amounts paid by a housing authority on behalf of eligible tenants are not protected from disclosure under privacy interests. *See* Open Records Decision No. 268 (1981); *see also* Open Records Decision Nos. 600 at 9-10 (1992), 545 (1990), 489 (1987), 480 (1987).

Based on your representations and our review, we find you have not established that any part of the remaining responsive information is highly intimate or embarrassing and not of legitimate public concern; therefore, the authority may not withhold any of the information at issue on the basis of common-law privacy under section 552.101 or section 552.102 of the Government Code. As you raise no further arguments against disclosure, the remaining responsive information must be released. *See* Gov't Code §§ 552.301(b) (governmental body must ask for a decision from this office and state exceptions that apply within ten business days of receiving written request for information), .302; *see also id.* § 552.022(a)(2) (name, salary, and title of public employee are public information).

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

Mr. Gregory T. Mays - Page 7

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.oag.state.tx.us/open/index_orl.php, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act must be directed to the Cost Rules Administrator of the Office of the Attorney General at (512) 475-2497.

Sincerely,

Christina Alvarado
Assistant Attorney General
Open Records Division

CA/RL

Ref:    ID# 350507 .

Enc.    Submitted documents

cc:     Requestor
        (w/o enclosures)

08/25/2009

Joe Ellis
KDFW Fox 4
400 N Griffin
Dallas, TX 75202
214-720-3365
FAX 214-720-3263
Joe.Ellis@foxtv.com

Office of the Attorney General
Open Records Division
ATTN: Amanda Crawford, James Coggeshall
P.O. Box 12548
Austin, TX 78711
512-478-6736
FAX 512-481-1992

RE: OR2009-11258 - Complaint and Request for Writ of Mandamus to Compel
Disclosure

KDFW respectfully requests the attention of the Office of the Attorney General
(OAG) and action upon what we feel is a clear obstruction to the flow of public
information, disregard of the provisions of the Texas Public Information Act
(TPIA), and disregard of an open records letter ruling by the Office of the
Attorney General.

Last May, KDFW filed a complaint and request for Writ of Mandamus to Compel
disclosure of information KDFW requested from the Dallas Housing Authority
(DHA). Upon speaking with the OAG's Open Records Division regarding this
matter, Mr. Lance Kutnick of the OAG informed me that the OAG would inform
DHA that it must request a ruling and would allow DHA to do so before the OAG
would be pursuing a Writ of Mandamus to Compel Disclosure, or other action.

Finally, after 6 months of obstructionist tactics and disregard for TPIA, DHA
requested a ruling from the OAG upon the OAG notifying DHA it must request
such a ruling. KDFW also submitted exhibits (including the original requests and
subsequent communications between KDFW and DHA) in its follow up complaint
and response to DHA's late request for an OAG ruling regarding the release of
information at issue regarding KDFW's pending information requests. In
reference to the following, please refer to the exhibits previously submitted to the
OAG last May with KDFW's response and complaint.

At issue is DHA's lack of response and disclosure of information requested in
December of 2008 and April of 2009.



EXHIBIT
7

The December 2008 request submitted to DHA by KDFW is for electronic data (in a format such as an Excel spreadsheet) showing all housing assistance payments made to landlords with respect to tenants/clients receiving the public housing assistance. The specific fields of information requested to be included in the data provided are: payment date, payment amount, payee (landlord or property manager), payee address, payee city, payee state, payee zip, tenant/client name, tenant/client address, date of birth, and the housing assistance program through which each payment was made to each respective landlord.

In its 6-months late request for ruling, DHA cited the Violence Against Women Act (VAWA) among its reasons for not disclosing the landlord payment and respective tenant/client information at issue.

On August 12, 2009, the OAG issued OR2009-11258 in response to DHA's request for a ruling concerning the information at issue from KDFW's December 2008 information request and KDFW's April 2009 information request.

In that ruling, with regard to the December 2008 information request, the OAG stated to DHA on Page 5 that *"You inform us that a portion of the responsive information pertains to the families the authority serves with the aid of such grants"* and also stated *"You acknowledge that portions of the responsive information pertain to individuals that the authority does not aid with VAWA grants. Therefore, you may not withhold the personally identifying information of individuals that is not collected in connection with the authority's rendition of housing assistance funded by VAWA under section 552.101 on that basis."* Furthermore, in OR2009-11258, on Page 6, the OAG stated to DHA that *"In Open Records Decision No. 318 (1982), this office concluded that the names and present addresses of a public housing development were not protected from disclosure under common-law right to privacy."*

Upon receiving OR2009-11258, DHA did not contact KDFW to inform that it would be providing the information regarding non-VAWA clients. On August 17, 2009 KDFW (Joe Ellis) emailed DHA (Greg Mays) to ask when the non-exempt tenant names and addresses would be ammended to the incomplete landlord payment data DHA had previously provided to KDFW (see attached EXHIBIT F - to include with previous exhibits submitted by KDFW in reference to this matter). In several email communications back-and-forth between KDFW (Ellis) and DHA (Mays) it was made very clear that DHA does not intend to honor the OAG ruling that the non-exempt data should be provided to KDFW.

In its communications with KDFW (Ellis), DHA (Mays) contends that VAWA does not permit it to create a separate list of clients receiving public housing assistance through VAWA grant funds, thus distinguishing them from other clients receiving public housing assistance through other funds. KDFW informed

DHA that it is not asking for a separate list of VAWA clients to be created and that DHA has the ability to remove the VAWA client information from the data OR2009-11258 states it should provide to KDFW. This is a simple measure that DHA staff can easily perform. DHA has the ability to identify its VAWA clients and exclude their information from the landlord payment data and respective tenant/client information it has been informed it should disclose. DHA also has the ability to simply delete the rows and columns of data regarding VAWA clients from an electronic export of data showing landlord payments and respective tenant/client information. However, DHA has only indicated that it has no intention of doing so and has no intention of providing the information it has been informed it should disclose to KDFW (please see attached communications in EXHIBIT F). It should be noted that KDFW is requesting that the tenant/client information be included with the landlord payment data DHA has already released to KDFW. KDFW understands that DHA's data systems easily allow for this data to be exported and provided in the requested format. KDFW is not seeking a listing of tenant/client information that is separate from the data regarding housing assistance payments made to landlords/property managers. We simply request that the respective tenant/client information be included with the landlord payment data.

It should be noted that KDFW has had no problems receiving this very same data requested from various housing authorities in the Dallas / Fort Worth area. In fact, various other agencies have provided the requested data in an expedited and cordial fashion. DHA is the only public housing agency obstructing the flow of this public information. KDFW will be happy to provide the communications and sampling of the responsive information upon request by the OAG.

The April 2009 request submitted to DHA by KDFW is for 5 categories of information regarding the data management systems and data content maintained by DHA as well as an electronic listing of DHA employee information (such as name, date of birth, job title, salary).

On August 12, 2009, again in OR2009-11258, the OAG stated to DHA that *"We note that dates of birth and addresses are not highly intimate or embarrassing,"* and also stated that *"We hold that date-of-birth information is not confidential,"* and *"...public employee's date of birth not protected under privacy,"* and *"...birth dates, names, and addresses are not protected by privacy."*

It should be noted that KDFW is not asking DHA for addresses of its employees to be included with the employee data to be provided in response to our April 2009 request.

Additionally, regarding KDFW's April 2009 request to DHA, and again in OR2009-11258, the OAG stated to DHA *"we find you have not established that any part of the remaining responsive information is highly intimate or*

*embarrassing..."* and also stated *"...the authority may not withhold any of the information at issue on the basis of common law privacy..."* and *"as you raise no further arguments against disclosure, the remaining responsive information must be released."*

Upon receiving OR2009-11258, DHA did not contact KDFW to inform that it would be providing the 5 categories of information requested. On August 17, 2009 KDFW (Joe Ellis) emailed DHA (Greg Mays) to ask when the employee data and 4 other categories of information would be provided. KDFW (Ellis has made subsequent attempts to learn when this information would be provided but DHA has not responded to these communications). These email communications which DHA has not responded to are included as EXHIBIT G.

KDFW understands that under section 552.324 of TPIA, DHA, like any agency that wishes to challenge a ruling made by the OAG, has 30 days to file suit against the OAG in Travis County. However, KDFW anticipates that DHA will not do so and it has been made clear that DHA does not intend to act further, except to obstruction the flow of the requested public information.

Per section 552.321 of TPIA, the OAG can pursue a Writ of Mandamus to compel DHA to disclose the public information requested by KDFW in December 2008 since DHA is still refusing to KDFW respectfully requests the OAG exercise its authority under 552.321 to compel disclosure of the information KDFW requested from DHA, that the OAG has determined should be disclosed.

Per section 552.3215 of TPIA, the OAG can pursue a suit for declaratory judgment or injunctive relief against a governmental body that violates TPIA. KDFW respectfully requests the OAG exercise its authority under 552.3215 to pursue declaratory judgment or injunctive relief.

The Dallas Housing Authority is located at the following address:

Dallas Housing Authority
3939 N. Hampton Road
Dallas, TX 75212

The following individuals with the Dallas Housing Authority are responsible for handling public information requests, and are whom KDFW has communicated with regarding the pending request(s):

Gregory T. Mays
Office of The General Counsel
(214) 951-1950 (direct)
(214) 951-8495 (facsimile)
gmays@dhadal.com

Michelle S. Raglon
Community and Public Relations
214-951-8443 ofc
214-951-8800 fax
mraglon@dhadal.com

The Office of the Attorney General, through letter rulings and open records decisions, has previously ruled that local housing authorities are subject to the Texas Public Information Act and that information similar to that being requested in this case is public information. Those rulings are cited and confirmed by the OAG in OR2009-11258.

KDFW hopes and trusts the OAG will intervene in an expedited manner and compel full and expedited disclosure of the information requested from DHA to KDFW.

KDFW respectfully requests that you communicate with Joe Ellis via phone, fax, or email as opposed to regular U.S. Mail or U.S. Mail alone in response to and in any regard to this matter. For any and all documents or communications that must be mailed and cannot be emailed or faxed for any reason please use KDFW's UPS return shipping account number Y3Y143 and ship via UPS overnight mail.

Thank you for your time, consideration, and assistance.

Sincerely,

Joe Ellis
KDFW

5

## AFFIDAVIT OF JAMES L. COGGESHALL

**STATE OF TEXAS** §
§
**COUNTY OF TRAVIS** §

Before me, the undersigned authority, on this date, personally appeared James L. Coggeshall, personally known to me to be the person whose name is subscribed below, and who being by me duly sworn, deposed as follows:

1. "My name is James L. Coggeshall. I am of sound mind, over 18 years of age, have never been convicted of a felony and am otherwise fully capable of making this statement."

2. "I am an Assistant Attorney General in the Open Records Division of the Office of the Attorney General of Texas. During the time period relevant to the events alleged in the Attorney General's Original Petition for Mandamus against the Dallas Housing Authority, my duties included investigating and responding to complaints from requestors of public information. I am duly authorized to make this statement."

3. "I have personal knowledge of the facts stated in this affidavit and any facts stated herein are true and correct."

4. "My personal knowledge is based on: During the time period relevant to the events alleged in the Attorney General's Original Petition for Mandamus, I was the Assistant Attorney General investigating the complaint of Mr. Joe Ellis against the Dallas Housing Authority; I have spoken with Mr. Ellis and Mr. Gregory T. Mays on the telephone; and I have received and reviewed the documents submitted to the Office of the Attorney General in the course of this investigation."

5. "The documents identified as Exhibit Nos. 1 through No. 7 attached to the Attorney General's Original Petition for Mandamus are official records or reports or entries therein, or documents authorized by law to be recorded or filed and actually recorded or filed in a public office, certified as correct by the custodian or other person authorized to make the certification and are true and correct copies of the documents received and maintained by the Open Records Division of the Office of the Attorney General during the course of this investigation."

Affidavit of James L. Coggeshall
Attorney General's Original Petition for Writ of Mandamus
Against the Dallas Housing Authority

Page 1 of 2

EXHIBIT

8

6.  "The statements contained in paragraphs 4.3 through 4.8 in the Attorney General's Original Petition for Mandamus are true and correct."

7.  "A petition in suit filed by a governmental body against the Attorney General under the Public Information Act, Tex. Gov't Code ch. 552, challenging a letter ruling issue by the Attorney General is an official record, report or entry therein, or a document authorized by law to be recorded or filed and actually recorded or filed in a public office. The Open Records Division of the Office of the Attorney General maintains copies of petitions filed against the Attorney General over open records decisions."

8.  "I have performed a diligent search of all such records of the Attorney General's Open Records Division for all dates relevant to the foregoing Attorney General's Original Petition for Mandamus and did not find any citation or petition served on the Attorney General in a suit filed by the Dallas Housing Authority against the Attorney General challenging Letter Ruling OR2009-11258."

JAMES L. COGGESHALL

SWORN TO AND SUBSCRIBED before me on this _12TH_ day of _FEBRUARY_ 2010.

S. LUJAN
Notary Public
STATE OF TEXAS
Commission Exp. 07-27-2013
Notary without Bond

Notary Public, State of Texas

Affidavit of James L. Coggeshall
Attorney General's Original Petition for Writ of Mandamus
Against the Dallas Housing Authority

Page 2 of 2

## AFFIDAVIT OF JOE ELLIS

**STATE OF TEXAS** §
§
**COUNTY OF** Dallas §

Before me, the undersigned authority, on this date, personally appeared JOE ELLIS, personally known to me to be the person whose name is subscribed below, and who being by me duly sworn, deposed as follows:

1.  "My name is Joe Ellis. I am of sound mind, over 18 years of age, have never

    been convicted of a felony and am otherwise fully capable of making this

    statement. I have personal knowledge of the facts stated in this affidavit and

    they are true and correct."

2.  "Ms. Donna Ressl and I are co-workers at KDFW-Fox 4, Dallas, Texas, working together to obtain records from the Dallas Housing Authority pursuant to the Public Information Act."

3.  "Ms. Ressl and I made requests for public information to the Dallas Housing Authority on December 11, 2008, and April 24, 2009."

4.  "The documents identified as Exhibit Nos. 1 and 2 in the Attorney General's Original Petition for Mandamus against the Dallas Housing Authority are true and correct copies of the requests for information sent to the Dallas Housing Authority on December 11, 2008, and April 24, 2009."

5.  "The documents identified as Exhibit Nos. 3 and 7 in the Attorney General's Original Petition for Mandamus are true and correct copies of the complaints I sent to the Office of the Attorney General on May 15, 2009, and August 26, 2009"

6.  "Neither I nor Ms. Ressl have received notice of any suit by the Dallas Housing Authority against the Attorney General over our requests for information."

7.  "The statements contained in paragraphs 4.1 through 4.3 and 4.6 through 4.9 in the Attorney General's Original Petition for Mandamus are true and correct."

_____
Joe Ellis

SWORN TO AND SUBSCRIBED before me on this __18th__ day of __Feb__ 2010.

MARY F. KNIGHT
My Commission Expires
July 28, 2011

_____
Notary Public, State of Texas

Affidavit of Joe Ellis
Attorney General's Original Petition for Mandamus against the Dallas Housing Authority

**EXHIBIT**
**9**

Filed
10 March 26 A10:58
Amalia Rodriguez-Mendoza
District Clerk
Travis District
d-1-gv-10-000208

Cause No.  D-1-GV-10-000208

| | | |
|---|---|---|
| **GREG ABBOTT,** | § | **IN THE DISTRICT COURT** |
| **ATTORNEY GENERAL OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **OF TRAVIS COUNTY, TEXAS** |
| | § | |
| **DALLAS HOUSING AUTHORITY,** | § | |
| | § | |
| **Defendant.** | § | **353rd JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW The Housing Authority of the City of Dallas, Texas, named erroneously herein as "Dallas Housing Authority," ("Defendant" or "DHA") and makes this its Original Answer and would respectfully show unto the Court as follows:

I.

### GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, denies all material allegations contained in Plaintiff's latest live pleading, and demands strict proof of Plaintiff's allegations.

II.

### AFFIRMATIVE DEFENSES

Pleading affirmatively, Defendant would show that Plaintiff's claim is preempted by federal law. The Violence Against Women Act, 42 U.S.C. §§ 13925-14045d, prohibits disclosure of the information Plaintiff seeks to compel Defendant to disclose.

Pleading affirmatively, Defendant would show that the information of which Plaintiff seeks to compel disclosure is not subject to public disclosure pursuant to the Texas Public Information Act.

Pleading affirmatively, Defendant would show that there is a compelling reason to withhold the information of which Plaintiff seeks to compel disclosure.

Pleading affirmatively, Defendant would show that the information of which Plaintiff seeks to compel disclosure is confidential by law.

Pleading affirmatively, should Defendant be ordered to provide the information of which Plaintiff seeks to compel disclosure, Defendant requests, pursuant to Texas Government Code, Chapter 552, Subchapter F and any other law, that Defendant recover all costs related to reproducing the public information, including but not limited to cost to review the individual files for all voucher holders to determine which are protected by VAWA and cost to provide notice to all such persons that information is being disclosed as required by VAWA.

## III.

## JURY DEMAND

Pursuant to Tex. R. Civ. P. 216, Defendant demands a jury trial of all issues so triable.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that upon final hearing of this matter, Defendant have judgment that Plaintiff take nothing by and from its suit against Defendant and that Defendant be awarded its attorneys' fees, costs of suit, and any such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ Jadd F. Masso
**KATIE ANDERSON**
State Bar No. 00789631
**JADD F. MASSO**
State Bar No. 24041411
**STRASBURGER & PRICE, LLP**
901 Main St., Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy the foregoing has been served on all counsel of record in accordance with the Texas Rules of Civil Procedure on March 26, 2010.

/s/ Jadd F. Masso
Jadd F. Masso

C I T A T I O N

T H E  S T A T E  O F  T E X A S

**CAUSE NO. D-1-GV-10-000208**

GREG ABBOTT, ATTORNEY GENERAL OF TEXAS

    vs.                                                              , Plaintiff

DALLAS HOUSING AUTHORITY

                                                               , Defendant

TO:  DALLAS HOUSING AUTHORITY
     BY DELIVERY TO PRESIDENT/CEO, MS. MARYANN RUSS
     3939 N. HAMPTON ROAD
     DALLAS, TEXAS 75212
     **\*\*\*\*\*DELIVERY VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED\*\*\*\*\*\*\*\*\*\***

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the <u>ORIGINAL PETITION FOR WRIT OF MANDAMUS</u> of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>FEBRUARY 22, 2010</u> in the <u>353RD JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>March 02, 2010</u>.

REQUESTED BY:
JOHN PRESLEY BEAUCHAMP
ASSISTANT ATTORNEY GENERAL
ENVIRONMENTAL PROTECTION AND ADMINISTRATIVE LAW DIVISION
P.O. BOX 12548, CAPITOL STATION
AUSTIN, TX 78711-2548
BUSINESS PHONE:(512)475-4195
FAX: (512)320-0167
Jpb2@oag.state.tx.us

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

-- - -- -- - -- - -- - -- **R E T U R N** -- -- - -- -- - -- -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in
person, a true copy of this citation together with the <u>NOTICE OF ENTRY OF NEW EFILE MANDATE ORDER</u> accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

Bruce Elfant
Constable Pct. 5, Travis County Texas
Sheriff / Constable / Authorized

By: _____

_____
Printed Name of Server

_____ County, Texas
Notary Public, THE STATE OF TEXAS ——**RECEIVED**——

D-1-GV-10-000208
☐ Original    ☐ Service Copy

2010 MAR -2 AM 10: 24 CONSTABLE

P01 - 01200

CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS



**FILED 03/30/2010 10:54 AM Travis County District Clerk, Amalia Rodriguez-Mendoza**

Cause No. D1GV10000208      {}        In the 353 District Court
                            {}        TRAVIS County
Plaintiff:                  {}
GREG ABBOTT
ATTORNEY GENERAL OF TEXAS

Defendant:
DALLAS HOUSING AUTHORITY


                        Officer's Return

Came to hand March 02, 2010 at 10:24 A.M. and executed in Dallas County,
Texas, on March 11, 2010 at 5:00 P.M. by delivering to DALLAS HOUSING
AUTHORITY, by delivering to President/CEO, Ms. Maryann Russ, and signed
by A. Davis, at 3939 HAMPTON ROAD,N. DALLAS TX 75212, by certified mail,
number 7005 3110 0000 5171 0508 return receipt requested, restricted
delivery, a true copy of the Citation together with the Original Petition for
Writ of Mandamus and Notice of Entry of New EFile Mandate Order.


                                        Bruce Elfant,
                        Travis County Constable Precinct 5
                                   Travis County, Texas

                        by:
                                              Deputy

                             MIRACLE MOUNT

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | MAR 0 4 2010 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | |
| Total P | |

7005 3110 0000 5171 0508

Sent To   D1GV10000208-1
          Dallas Housing Authority
Street, A  Maryann Russ
or PO B   3939 HAMPTON ROAD, N.
City, Sta  DALLAS TX 75212

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

D1GV10000208-1
Dallas Housing Authority
Maryann Russ
3939 HAMPTON ROAD, N.
DALLAS TX 75212

**RESTRICTED DELIVERY**
**ADDRESSEE ONLY**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X A. DAVIS
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                   3 11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail        ☐ Express Mail
☐ Registered            ☐ Return Receipt for Merchandise
☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 3110 0000 5171 0508          543

PS Form 3811, February 2004     Domestic Return Receipt          102595-02-M-1540