IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GREG ABBOTT, ATTORNEY GENERAL OF TEXAS, PLAINTIFF, | § § § § | |
| V. | § § | CIVIL NO. A-10-CA-220-LY |
| DALLAS HOUSING AUTHORITY, DEFENDANT. | § § § | |

## ORDER OF REMAND

Before the Court in the above styled and numbered cause is Plaintiff Greg Abbott, Attorney General of Texas's ("the Attorney General") Opposed Motion To Remand filed April 30, 2010 (Clerk's Document No. 5) and Defendant Dallas Housing Authority's ("the Authority") response filed May 11, 2010 (Clerk's Document No. 6). Having considered the motion, response, pleadings, the file, and the applicable law, the Court is of the opinion that the motion should be granted and the cause remanded to the 353rd District Court of Travis County, Texas.

**Background**

This action arises from the Authority's refusal to provide information requested by KDFW-Fox News 4 ("KDFW") regarding housing assistance programs for the year 2008. For several months, KDFW and the Authority engaged in negotiations concerning the extent and format of the information that the Authority would disclose. On several occasions the Authority provided KDFW with sets of data that either were not in a satisfactory format or lacked all of the requested information. The Authority stated computer software issues were the cause of its inability to comply with KDFW's request in its entirety. On May 16, 2009, KDFW filed a Complaint and Request for Writ of Mandamus to Compel Disclosure with the Attorney General in accordance with the Texas Public Information Act. *See* Tex. Gov't Code Ann. ch. 552 (West 2009). In response to the

complaint, the Authority sought a determination by the Attorney General concerning the withholding of a portion of the requested information which the Authority contended was protected by the disclosure provision of the federal Violence Against Women Act. 42 U.S.C. §§ 13925(b)(2).

The Attorney General issued a letter ruling, which determined that information pertaining to housing assistance provided under the Violence Against Women Act was protected from disclosure, but ordered the Authority to disclose all other requested information. *See* Tex. Att'y Gen. No. OR2009-11258 (Aug. 12, 2009) ("the Letter Ruling"). The Authority took no action in response to the Letter Ruling. On August 25, KDFW submitted a second Complaint and Request for Writ of Mandamus to Compel Disclosure to the Attorney General, stating that the Authority had failed to disclose the requested information as ordered in the Letter Ruling, and had communicated to KDFW its intention not to comply with the Letter Ruling. On February 10, 2010, the Attorney General filed an Original Petition for Writ of Mandamus in state district court against the Authority alleging the Authority failed to provide to KDFW information determined to be public and not exempt from disclosure.

The Authority timely removed the action to this Court asserting federal-question jurisdiction (Clerk's Document No. 1). *See* 28 U.S.C. §§ 1331, 1441(b), 1446. The Attorney General moves for remand to state court, contending that the Authority cannot establish federal-question jurisdiction because it cannot show that federal law will apply to the case or that there is a federal issue in the action. *See Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 813 (1986); *Carpenter v. Wichita Falls I.S.D.*, 44 F.3d 362, 366 (5th Cir. 1995).

**Analysis**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). A federal court,

however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 276 F.3d 912, 916 (5th Cir. 2001). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939).

Generally, the determination of whether a court has federal-question jurisdiction is resolved by application of the "well-pleaded complaint" rule. *Merrell Dow*, 478 U.S. at 808. This rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry. If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking." *Hart*, 199 F.3d at 243. Further, a defendant cannot establish federal-question jurisdiction by showing that federal law will apply to a case or that there is a federal issue that arises from the plaintiff's state law claims. *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983), *Carpenter*, 44 F.3d at 366. Similarly, it is insufficient for a defendant to show that there is a federal defense, including a defense of preemption, to a plaintiff's state-law claims. *See, e.g., Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003).

The Attorney General's motion states that its mandamus petition raises claims and seeks remedies solely under the Texas Public Information Act. The Attorney General asserts that although the Letter Ruling interpreted the Violence Against Women Act and granted protection to some of the requested information, the Authority is not challenging that interpretation and so no federal question is at issue.

3

The Authority responds that because it is incapable of segregating the protected information from information subject to disclosure, there is a conflict between state and federal law that preempts further disclosure of the requested information. The Authority does not dispute the Letter Ruling's interpretation of the disclosure provision of the Violence Against Women Act.

In reviewing the Attorney General's mandamus petition, it refers to federal law only insofar as the Letter Ruling determined that information subject to the Violence Against Women Act may be withheld from disclosure. Indeed, the Authority and the Attorney General agree that the requested information covered under the Violence Against Women Act is not subject to disclosure. Thus, no conflict exists that will require interpretation of the disclosure provision of the Violence Against Women Act. Instead, the Authority asserts only that it is unable to produce non-protected information in accordance with the Texas Public Information Act and the Letter Ruling without a significant risk of also producing protected information. The Court holds that this is a question of fact under Texas Law that raises no federal issue. Although the Authority states that mandamus cannot be granted without interpretation of the Violence Against Women Act, "the mere presence of a federal issue on a state cause of action does not automatically confer federal question jurisdiction" over a case. *Merrell Dow*, 478 U.S. at 813. The Court finds that because the Attorney General's mandamus petition raises no federal-law claims, this Court lacks jurisdiction over this action. *Hart*, 199 F.3d at 243. Accordingly, the Court grants the Attorney General's motion and remand the action to state district court in Travis County, Texas.

**IT IS ORDERED** that Plaintiff Greg Abbott, Attorney General of Texas's Opposed Motion To Remand filed April 30, 2010 (Clerk's Document No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause is **REMANDED** to the 353rd Judicial District Court of Travis County, Texas.

SIGNED this \_\_\_7th\_\_\_ day of June, 2010.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE